### John F. Hammond *vs.* Sylvester Eaton.

After a motion to dismiss an action of replevin, because the replevin bond is in less than double the appraised value of the goods as stated in the officer's return and the appraisers' certificate upon the writ, the return and certificate may be allowed to be amended by the officer and appraisers upon proof satisfactory to the court in which the action is pending that the difference was by mistake; and the decision of that court upon the sufficiency of the proof is conclusive.

Replevin of goods, stated in the officer's return and in the appraisers' certificate upon the writ to have been appraised at $325.20. The replevin bond was in the sum of $325.

The defendant, before filing an affidavit of merits, moved to dismiss the action, because the bond was not in double the amount of the appraised value of the goods. The deputy sheriff who served the writ then moved to amend his return by striking out the words " twenty cents ; " and also by striking out the certificate of the appraisers, and substituting a new one, in which the appraisers certified that they appraised the goods at $325, and that the former return of their appraisement was incorrect and made by mistake ; and supported this motion by his own affidavit that he was present at the appraisement of the goods replevied, that there was at first a talk of estimating them at $325.20, and the first certificate was made for that amount, but the actual appraisement was finally $325, as stated in the second certificate ; and that when the first certificate was signed, the words " twenty cents" were accidentally and by mistake retained, and not stricken out as they should have been and as the appraisers intended. In the superior court, *Vose,* J. allowed the amendment, and overruled the motion to dismiss. The defendant appealed.

*T. H. Sweetser & W. S. Gardner,* for the defendant, cited Rev. Sts. c. 113, §§ 20, 21, 29 ; *Clapp* v. *Hayward,* 15 Mass. 276 ; *Simonds* v. *Parker,* 1 Met. 510 ; *Hovey* v. *Wait,* 17 Pick. 199 ; *Emerson* v. *Upton,* 9 Pick. 170 ; *Pratt* v. *Wheeler,* 6 Gray, 522

*C. P. Judd,* for the plaintiff.

By the Court. It was within the authority of the superior court to allow the amendment ; and the determination of that

court upon the truth of the facts alleged as the ground for the motion for leave to amend is conclusive. After the allowance of the amendment, there was no longer any existing defect for which the action should be dismissed.    *Decision affirmed.*